
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAYENDRA A. SHAH, M.D., | No. 10-56284 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-06499-CAS-CW |
| v. | |
| COUNTY OF LOS ANGELES, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 7, 2012**
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

We affirm the district court's dismissal of Plaintiff's action for failure to

state a claim on which relief may be granted.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendant "deprived him of federal rights, privileges or immunities" under color of state law. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (internal quotation marks and indications of alteration removed). A local government's retaliation against a plaintiff for suing the local government may deprive the plaintiff of his First Amendment right to petition the courts. *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). A public employee's litigation, however, "must involve a matter of public concern in order to be protected by either the Petition Clause or the Speech Clause of the First Amendment." *Rendish v. City of Tacoma*, 123 F.3d 1216, 1220 (9th Cir. 1997); *see also Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488, 2493-2501 (2011).

Plaintiff's litigation involved his private employment grievances, not matters of public concern. Additionally, Plaintiff's complaint does not adequately allege that his prior litigation against the County was "a substantial or motivating factor in the [County's] decision" not to ratify Plaintiff's settlement. *Sorrano's Gasco*, 874 F.2d at 1314 (internal quotation marks removed). Accordingly, the County's conduct did not deprive Plaintiff of his First Amendment rights.

The district court's order explains why the County's conduct did not deprive Plaintiff of his Due Process and Equal Protection rights. We agree with the district court's reasoning and conclusions, and therefore need not repeat them here.

**AFFIRMED**.